United States District Court
Southern District of Texas
**ENTERED**
January 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:08-CV-66 |
| § | |
| 10.64 ACRES OF LAND, MORE OR § | |
| LESS, SITUATE IN STARR COUNTY, § | |
| STATE OF TEXAS, *et al*, § | |
| § | |
| Defendants. § | |
| § | |

## AMENDED[1] ORDER & OPINION

The Court now considers the February 25, 2020 hearing[2] on the issue of ownership (hereafter, "hearing"). The Court also considers the United States of America's ("United States") "Motion to Determine Title and Amicus Brief Regarding Ownership"[3] (hereafter "amicus brief").

### I.   BACKGROUND AND PROCEDURAL HISTORY

The United States commenced two land condemnation cases in 2008,[4] which were later consolidated to form the instant case.[5] On January 18, 2019, the United States filed an Amended Complaint,[6] Amended Declaration of Taking,[7] and Amended Notice of Condemnation,[8] all concerning Tracts RGV-RGC-2042, RGV-RGC-2043, and RGV-RGC-2044. Just compensation

---

[1] The only change to the original order is found in paragraph 2 of the Court's Holding. The Court, after setting out findings of Jesse Clarke's interest in the body of the opinion, mistakenly set out an incorrect interest for Jesse Clarke in the Holding.
[2] Minute Entry dated February 25, 2020.
[3] Dkt. No. 82.
[4] *See* Dkt. Nos. 1 & 2.
[5] Dkt. No. 19. Case No. 7:08-cv-066 and Case No. 7:08-cv-197 were consolidated under Case No. 7:08-cv-066.
[6] Dkt. No. 26.
[7] Dkt. No. 27.
[8] Dkt. No. 28.

has been disbursed and the case has been closed as to Tracts RGV-RGC-2043 and RGV-RGC-2044 only. The issues of ownership and just compensation remain as to Tract RGV-RGC-2042.

In its amended declaration of taking, the United States named ten interested parties as to Tract RGV-RGC-2042: Jesse Clarke; the State of Texas; the Office of the Attorney General; Erika G. Rodriguez; Sandra Rodriguez De Avila; Lilia L. Johnston and Martin Geo. Johnston; Estate of Aurora Lopez; Evangelina Rodriguez De Gonzalez; Manuela Rodriguez De Palmer; and Azucena Rodriguez Brown.[9] The amended declaration of taking provided that the parent parcel to Tract RGV-RGC-2042 is "Share 1-A (approx. 3.096 acres, more or less) of Porcion 84 of the Ancient Jurisdiction of Camargo" (hereafter, "Share 1-A").[10] The United States seeks to take Tract RGV-RGC-2042, 0.301 acres of land on Share 1-A, in fee simple.[11]

    *a. Title History of Share 1-A*

The history of Share 1-A contributes to the confusion of ownership in this case. On April 7, 1945, the Starr County District Court issued a final judgment dividing 2,227.90 acres of land lying in Porcion 84 of the Ancient Jurisdiction of Camargo into eight separate tracts.[12] The Starr County court allotted one of the tracts, Share 1-A, "in various fractional interests to seven individuals, as follows: Tiburcio Rodriguez (0.683 acres), Eulogio Rodriguez (0.683 acres), Manuel Lopez (0.261 acres), Aurora Lopez (0.370 acres), Evangelina Rodriguez de Gonzalez (0.370 acres), Manuela [Rodriguez] de Palmer (0.371 acres), and Azucena Rodriguez Brown (0.358 acres)."[13] Despite this clear division of interests, the decree does not partition each owner's interest in Share 1-A.

---

[9] Dkt. No. 28-1 at 21.
[10] *Id.* at 2, ¶ 2 (citing to Dkt. No. 27-1 at 6, Schedule CC).
[11] Dkt. No. 27-1 at 17 (Schedule EE).
[12] Dkt. No. 85-3 (Division Decree, Vol. 138, Pg. 215, Official Records of Starr County, Texas).
[13] *Id.* at 2.
.

The record indicates conveyances from three owners after the initial 1945 division: Manuel Lopez, Eulogio Rodriguez, and Tiburcio Rodriguez. There are no records before the Court indicating that the remaining four owners, Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, or Azucena Rodriguez Brown, conveyed their interests following the 1945 division.[14] Thus, the Court will outline the chain of title following the conveyances made by Manuel Lopez, Eulogio Rodriguez, and Tiburcio Rodriguez.

First, on July 19, 1950, Manuel Lopez conveyed his 0.261-acre interest in Share 1-A to Martin Geo. Johnston and Lilia Lopez Johnston.[15] Second, on September 2, 1965, Eulogio Rodriguez and Tiburcio Rodriguez separately conveyed their interests in "All of Share Numbered one-A (1-A) containing Three and 096/1000 (3.096 acres) of land" to Horacio Rodriguez and his wife, Erika Rodriguez, by quit claim deed.[16] It is unclear from the record whether, prior to this conveyance, Eulogio Rodriguez and/or Tiburcio Rodriguez had acquired more than their original part interest in Share 1-A. The record merely indicates that Eulogio Rodriguez and Tiburcio Rodriguez each had an undivided interest in 0.683 acres, or 22.06 percent of Share 1-A.[17] Accordingly, the Court can only assume based on the record that a 1.366 acre, or 44.12 percent, interest in Share 1-A was properly conveyed to Horacio and Erika Rodriguez by Eulogio Rodriguez and Tiburcio Rodriguez. At the same time, Eulogio Rodriguez and Tiburcio Rodriguez conveyed a separate tract, identified as Share 1-B, consisting of approximately 17.5 acres, to Horacio and Erika Rodriguez.[18]

---

[14] The Court's declination to address the interests of these parties is discussed later in this Order.
[15] Dkt. No. 85-2 (Warranty Deed Vol. 168, Pg. 182, Official Records of Starr County, TX).
[16] Dkt. No. 85-7 (Quit Claim Deed Vol. 309, Pg. 37, Official Records of Starr County, TX); Dkt. No. 85-8 (Quit Claim Deed Vol. 309, Pg. 40, Official Records of Starr County, TX).
[17] Dkt. No. 85-3 at 2 (Division Decree, Vol. 138, Pg. 215, Official Records of Starr County, Texas).
[18] Dkt. No. 85-7 (Quit Claim Deed Vol. 309, Pg. 37, Official Records of Starr County, TX); Dkt. No. 85-8 (Quit Claim Deed Vol. 309, Pg. 40, Official Records of Starr County, TX).

On December 20, 1971, the Starr County District Court granted Horacio and Erika Rodriguez's divorce and awarded Erika Rodriguez a life estate in the family's home on a 0.19 acre lot.[19] The lot was referenced as part of a 3/7 interest in approximately thirty acres.[20] The Court awarded Horacio the 3/7 interest in the thirty acres, "less the lot upon which the house is located."[21] Although this language confuses the issue, it appears the lot was referenced only for the purposes of defining the life estate.[22]

The metes and bounds description of the 0.19 acre lot upon which the house sat indicates that the 0.19 acre lot was located within Share 1-A.[23] While this suggests that at least a portion of the couple's 3/7 interest in thirty acres fell within Share 1-A, it is unclear how much of the couple's 3/7 interest in the thirty acres fell within Share 1-A. Nonetheless, Horacio Rodriguez appears to have retained the couple's 1.366-acre interest in Share 1-A following the divorce proceeding, while Erika Rodriguez retained a life estate in the family home located on Share 1-A.

Because Erika Rodriguez retained a life estate in the home located on Share 1-A following the couple's divorce, Horacio Rodriguez took his 3/7 interest in the couple's thirty acres subject to Erika Rodriguez's life estate in the home. It is unknown whether Erika Rodriguez is deceased; thus, it is unknown whether her life estate is extinguished.

On August 1, 1997, Horacio Rodriguez conveyed his interest in Share 1-A by gift deed to Ernesto Rodriguez; Horacio Rodriguez, Jr.; Juan Rodriguez; Eric Rodriguez; Nora Elia R. Mar; Juanita R. Cantu; Aurora R. Sepulveda; Leticia R. Solis; and Martha Rodriguez (hereafter,

---

[19] Dkt. No. 85-9 at 2–3 (Judgment, Vol. 363, Pg. 463, Official Records of Starr County, Texas).
[20] *Id.* at 2.
[21] *Id.* at 3.
[22] The record reflects that Erika Rodriguez's portion of Share 1-A does not fall within Tract RGV-RGC-2042, and thus, the Court granted the United States' request to dismiss her as a party on April 11, 2019. Dkt. No. 46.
[23] Dkt. No. 85-9 at 2.

"Rodriguez Family").[24] However, the gift deed purported to convey "All of Share Numbered One-A (1-A) containing Three and 096/1000 (3.096) acres" out of Porcion 84.[25] Yet, based on the record, the Court is only able to confirm that Horacio Rodriguez possessed the undivided 1.366-acre interest in Share 1-A that the record shows he and Erika Rodriguez received from Eulogio Rodriguez and Tiburcio Rodriguez. In this Court's view, Horacio Rodriguez properly conveyed to the Rodriguez Family only what the record shows he possessed: a 1.366-acre interest in Share 1-A, subject to Erika Rodriguez's life estate in the home if she was not yet deceased at the time of Horacio's conveyance.

On July 24, 1999, the Rodriguez Family, conveyed "All of Share Numbered One-A (1-A) containing Three and 096/1000 (3.096) acres" to Jesse Clarke by warranty deed.[26] Similarly, the Court finds that based on the evidence on record, the Rodriguez Family properly conveyed to Jesse Clarke only what the record shows they received from Horacio Rodriguez: a 1.366-acre interest in Share 1-A, subject to Erika Rodriguez's life estate in the home if she was not yet deceased at the time of the family's conveyance.

b. *Disputes as to Ownership*

Upon commencement of this case in 2008, the complex history of Share 1-A contributed to confusion regarding ownership of Tract RGV-RGC-2042, a .301-acre parcel within Share 1-A. There are three individuals now claiming competing title interests as to Tract RGV-RGC-2042: (1) Jesse Clarke; (2) Janie Lopez, Independent Executor of the Will and Estate of Lilia L.

---

[24] Dkt. No. 85-10 (Gift Deed, Vol. 786, Pg. 443, Official Records of Starr County, Texas).
[25] *Id.* at 1.
[26] Dkt. No. 85-1 (Warranty Deed Vol. 902, Pg. 524, Official Records of Starr County, TX).

Johnston and Martin Johnston; and (3) Alejo Clarke Jr. (hereafter, "Alejo Clarke").[27] The parties have been unable to resolve the issue of title out of court.[28]

There are two unresolved issues regarding title. First, Jesse Clarke claims "he was the exclusive owner of the [Share 1-A] parent parcel on the date of taking, he is being assessed property taxes for the entire parent parcel, and he [has] exclusive entitlement to the just compensation proceeds."[29] In contrast, Janie Lopez, on behalf of her parents' estate, claims that she "had an interest in 0.261 acres out of the parent parcel on the date of taking, she is being assessed property taxes for that interest, and [claims] entitlement to 8.43 percent of the just compensation proceeds."[30]

Second, Alejo Clarke, the brother of Jesse Clarke, claims that he is the actual owner and possessor of the Share 1-A parent parcel and that he has exclusive entitlement to the just compensation proceeds for the tract.[31] Almost eleven years after the date of taking,[32] the United States indicated in its October 9, 2019 status report that Alejo Clarke verbally expressed an interest in Tract RGV-RGV-2042.[33] The United States noted that Alejo Clarke does not appear on any relevant deed.[34] Thereafter, the United States moved to add Alejo Clarke as an interested party as to Tract RGV-RGC-2042[35] and the Court granted this request.[36] On December 6, 2020, the United States filed its "Motion to Determine Title and Amicus Brief Regarding Ownership"[37] (hereafter "amicus brief") requesting a hearing on the issue of title determination and providing

---

[27] *See* Dkt. No. 75.
[28] Dkt. No. 83 at 2, ¶ 2.
[29] Dkt. No. 75 at 3, ¶ 1.
[30] *Id.*
[31] *Id.*
[32] The United States' date of taking occurred on July 1, 2008. Dkt. No. 82 at 3, ¶ 8 (citing Dkt. 5, in Civil No. 7:08-cv-197).
[33] Dkt. No. 75 at 3, ¶ 1.
[34] *Id.*
[35] Dkt. No. 78.
[36] Dkt. No. 84.
[37] Dkt. No. 82.

the Court its opinion on ownership. The Court set the issue for hearing[38] and the United States filed supplemental hearing exhibits.[39]

### c. Hearing on the Issue of Ownership

The Court held a hearing on the issue of ownership on February 25, 2020. In attendance were counsel on behalf of the United States; Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston; and Alejo Clarke, representing himself *pro se*.[40] Jesse Clarke was not in attendance.[41] The Court first noted that the records and exhibits filed by the United States reflected ownership by Jesse Clarke and Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston, but not Alejo Clarke. The Court offered Ms. Lopez the opportunity to present additional evidence. Ms. Lopez chose to rely on the record.

The Court then proceeded to receive evidence from Alejo Clarke. Alejo Clarke stated under oath that he purchased Share 1-A in its entirety, but that he put the property in his brother Jesse's name at the time of his purchase to protect the asset from a divorce proceeding. He also suggested he lives on the property, fenced in the property himself, is the only member of the family aware of the property's location and boundaries, and is the only person with a key to the property's gate.

As documentary evidence, Alejo Clarke first offered a 1999 warranty deed purporting to convey the property to his brother Jesse Clarke.[42] The Court admitted this deed into evidence. Alejo Clarke then offered receipts for his payment of taxes on the property, which the United

---

[38] Dkt. No. 86.
[39] Dkt. No. 85.
[40] Minute Entry dated February 25, 2020.
[41] *Id.*
[42] *Id.* This document is also attached as an exhibit by the United States in support of Jesse Clarke's interest in the property. *See* Dkt. No. 85-1.

States objected to on the grounds that the payments were made by an Ernesto Rodriguez and not Alejo Clarke. The Court sustained the United States' objection. Finally, Alejo Clarke offered an additional tax record which indicated the taxes were paid by his wife, Mrs. Maribel Clarke, in 2002. The Court admitted the record into evidence. Noting that payment of taxes does not necessarily constitute ownership, the Court again requested Alejo Clarke present any additional evidence of ownership. Alejo Clarke was unable to do so. Thus, the Court informed the parties that it would address the issue of ownership based on the evidence on the record.[43] The Court now turns to its analysis.

## II. ANALYSIS

As an initial matter, the Court notes that all individuals with an interest in Share 1-A are not parties to the instant case. While the instant Order addresses the property interests of Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston; Jesse Clarke; and Alejo Clarke, it does not address the property interests of the other individuals with apparent interests in Share 1-A. This includes Aurora Lopez (0.370 acres), Evangelina Rodriguez de Gonzalez (0.370 acres), Manuela Rodriguez de Palmer (0.371 acres), Azucena Rodriguez Brown (0.358 acres), and Erika G. Rodriguez a/k/a Erika K. Rodriguez (hereafter, "Erika Rodriguez").

Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown each received an interest in Share 1-A when the land was first divided in 1945.[44] The United States moved to dismiss Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown on June 4, 2019, on the grounds that "their whereabouts are unknown, and no deeds and records could be found

---

[43] Minute Entry dated February 25, 2020.
[44] Dkt. No. 48 at 2 (citing Dkt. No. 48-1, Vol. 138, Pg. 215, Official Records of Starr County, Texas).

describing what happened to their interests in the Subject Property."[45] The United States informed the Court that the individuals were served "by publication because [they] could not be personally served, and after diligent inquiry within the State of Texas, their place of residence is still unknown. No individual has come forward asserting a claim by or through these parties since service [by] publication was accomplished in this case."[46] The Court granted the motion to dismiss Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown on June 5, 2019.[47] The United States now informs the Court in the instant amicus brief that the interests of these parties – totaling 1.469 acres or 47.48 percent – "apparently reside with the original individuals allotted an ownership interest in the 1945 [division] decree, [and] there is no record that they later conveyed their interest to anyone. Nor did these individuals or their heirs come forward in response to service by publication."[48]

In a 1971 divorce proceeding, Erika Rodriguez was awarded a life estate in the family home that sat on a 0.19 acre lot within Share 1-A.[49] On April 9, 2019, the United States motioned to dismiss Erika Rodriguez on the grounds that her interest in the home did not fall within Tract RGV-RGC-2042 and nonetheless, "after diligent inquiry within the State of Texas, her place of residence is still unknown. . ." and she "has not come forward to assert an ownership interest in this case."[50] The Court granted the United States' motion to dismiss Erika Rodriguez on April 11, 2019.[51]

---

[45] *Id.* at 4.
[46] *Id.* (citing Dkt. No. 31, at 2 (Certificate of Service); Dkt. No. 33, at 2-3, 27-28, and 52-53 (Certificate of Publication)).
[47] Dkt. No. 49.
[48] Dkt. No. 83 at 8.
[49] Dkt. No. 85-9 at 2–3 (Judgment, Vol. 363, Pg. 463, Official Records of Starr County, Texas). The divorce decree reflects that Horacio and Erika Rodriguez owned a 3/7 interest in approximately thirty acres.
[50] Dkt. No. 41 at 3–4, ¶ 8.
[51] Dkt. No. 46.

As the Court formerly noted, the 1945 decree does not partition Share 1-A; it only grants an undivided interest. While the United States has confirmed that the home referenced in Erika Rodriguez's divorce decree falls outside of Tract RGV-RGC-2042,[52] the record does not provide information as to whether the interests of Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, or Azucena Rodriguez Brown were ever partitioned.

Thus, the Court clarifies that the instant Order resolves issues of title as to Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston; Jesse Clarke; and Alejo Clarke. It does not, however, address the ownership interests of Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, Azucena Rodriguez Brown, or Erika Rodriguez.

### a. Legal Standard

A district court has jurisdiction to determine ownership of the money paid into its custody by the United States.[53] "The Constitution requires that just compensation be made and the statutes charge the district court with seeing that this is done. It cannot be done by paying it to the wrong persons."[54] As such, district courts may issue "an order or judgment disposing of the whole case, and adjudicating all rights, including ownership. . ."[55]

Pursuant to the Federal Rules of Civil Procedure, the United States takes no formal position on the issue of ownership, as "distribution of the award is a matter in which the United

---

[52] Dkt. No. 41 at 3, ¶ 8. As the Court formerly noted, it is unknown whether Erika Rodriguez is deceased; thus it is unknown whether her life-estate is extinguished.
[53] *James Alexander, Inc. v. United States*, 128 F.2d 82, 85 (5th Cir. 1942).
[54] *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950).
[55] *See Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also United States v. 88.28 Acres of Land, More or Less, Situated in Porter Cty., State of Ind.*, 608 F.2d 708, 714 (7th Cir. 1979) (citing *United States v. 1,629.6 Acres of Land*, 503 F.2d 764, 766 (3d Cir. 1974)) (holding that district courts "clearly [have] the power to settle the conflicting claims to the title of the condemned land.").

States has no legal interest. . ."[56] However, while the United States is not expected to take a formal position, "United States attorneys are expected to aid the court in such matters as *amici curiae*."[57] Thus, the Court considers the United States' amicus brief in its review of the record for evidence of ownership.

### b. Legal Analysis

The United States identified two individuals with an interest in the property based on title documents: Jesse Clarke and Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston.[58] The United States identified Jesse Clarke as an interested party by virtue of a July 1999 warranty deed wherein the Rodriguez Family purports to convey to him "[a]ll of Share Numbered One-A (1-A) containing Three and 096/1000 (3.096) acres."[59] The United States also identified Janie Lopez Johnston, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston "by virtue of an August 1950 warranty deed which purports to convey to her parents 0.261 acres within Share 1-A."[60] The United States provides no record evidence regarding the ownership of Alejo Clarke.

In light of the foregoing, the Court will summarize the evidence on the record as to each interested party with an interest in Share 1-A in an attempt to discern the rightful owners of Tract RGV-RGC-2042 for the purposes of just compensation.

---

[56] FED. R. CIV. P. 71.1 advisory committee's note to 1951 amendment.
[57] *Id.*
[58] In addition to Jesse Clarke and Janie Lopez, the United States also names the State of Texas Comptroller of Public Accounts c/o Office of the Attorney General of Texas and the Office of the Attorney General of Texas, Child Support Division. Dkt. No. 92-1 at 2 (amended Schedule GG).
[59] Dkt. No. 82 at 2, ¶ 3(a) (citing to Dkt. No. 85-1 (Warranty Deed Vol. 902, Pg. 524, Official Records of Starr County, TX)).
[60] *Id.* at ¶ 3(b) (citing to Dkt. No. 85-2 (Warranty Deed Vol. 168, Pg. 182, Official Records of Starr County, TX)).

### i. *Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston*

Following the 1945 division, Manuel Lopez conveyed his 0.261-acre interest in Share 1-A to Martin Geo. Johnston and Lilia Lopez Johnston, Janie Johnston Lopez's parents, on July 19, 1950.[61] After her parents' deaths, Janie Johnston Lopez was appointed as Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston.[62] Starr County Tax documents are attached to show that the Starr County Tax Office assesses property taxes for this 0.261 acre interest in Share 1-A to "Martin George Johnston."[63] At the ownership hearing, Ms. Lopez appeared and confirmed that her parents acquired the property in the 1950s and that her family has continued to pay the taxes on the property.[64]

The Court finds that the evidence on the record, which includes a warranty deed[65] and Starr County tax documents,[66] is sufficient to show that the Estate of Lilia L. Johnston and Martin Johnston has an ownership interest in 0.261 acres, or 8.43 percent, of Share 1-A. Accordingly, Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston, is entitled to just compensation for this portion of Tract RGV-RGC-2042. The Court now turns to the interest held by Jesse Clarke.

### ii. *Jesse Clarke*

As the Court noted in its description of the conveyances of Share 1-A, Jesse Clarke's interest in Share 1-A can be tracked from the 1965 conveyances made by Eulogio Rodriguez and Tiburcio Rodriguez. On September 2, 1965, Eulogio Rodriguez and Tiburcio Rodriguez

---

[61] *Id.* at 5, ¶¶ 16–17 (citing to Dkt. No. 85-2 (Warranty Deed Vol. 168, Pg. 182, Official Records of Starr County, TX)).
[62] *Id.* at 5–6, ¶¶ 17–18 (citing Dkt. No. 85-4 (Order Probating Will and Authorizing Letters Testamentary, re: Martin Johnston); Dkt. No. 85-5 (Order Probating Will and Authorizing Letters Testamentary, re: Lilia L. Johnston)).
[63] Dkt. No. 85-6 (Starr County Tax Statements).
[64] Minute Entry dated February 25, 2020.
[65] Dkt. No. 85-2 (Warranty Deed Vol. 168, Pg. 182, Official Records of Starr County, TX).
[66] Dkt. No. 85-6 (Starr County Tax Statements).

separately conveyed their interests in Share 1-A and Share 1-B to Horacio Rodriguez and his wife, Erika Rodriguez, by quit claim deed.[67] While Eulogio and Tiburcio Rodriguez may have obtained and conveyed a greater portion of Share 1-A to Horacio and Erika Rodriguez, the record only indicates that Eulogio and Tiburcio Rodriguez had interests in Share 1-A that together totaled 1.366 acres.[68] Thus, the transfer of a 1.366-acre interest in Share 1-A from Eulogio Rodriguez and Tiburcio Rodriguez to Horacio and Erika Rodriguez is contained in the record.

After Horacio Rodriguez retained his interests in the couple's land following his divorce from Erika Rodriguez, the record indicates that he possessed at least the 1.366-acre interest in Share 1-A that the couple received from Eulogio and Tiburcio Rodriguez, subject to Erika Rodriguez's life estate in the home if she was not yet deceased. Thereafter, Horacio Rodriguez attempted to convey "All of Share Numbered One-A (1-A) containing Three and 096/1000 (3.096) acres" to the Rodriguez Family.[69] However, the Court can only discern from the record that Horacio Rodriguez had a 1.366-acre interest in Share 1-A subject to the life estate of Erika Rodriguez to convey to the Rodriguez Family. Thus, based on the record, the Rodriguez Family appears to have possessed only a 1.366-acre interest in Share 1-A, subject to the life estate of Erika Rodriguez if she was not yet deceased.

When the Rodriguez Family conveyed their interest in Share 1-A to Jesse Clarke by warranty deed on July 24, 1999,[70] the record indicates only that they successfully conveyed their 1.366-acre interest in Share 1-A, subject to the life estate of Erika Rodriguez if she was not yet

---

[67] Dkt. No. 82 at 5, ¶ 16 (citing Dkt. No. 85-7 (Quit Claim Deed Vol. 309, Pg. 37, Official Records of Starr County, TX); Dkt. No. 85-8 (Quit Claim Deed Vol. 309, Pg. 40, Official Records of Starr County, TX)).
[68] Dkt. No. 85-3 at 2 (Division Decree, Vol. 138, Pg. 215, Official Records of Starr County, Texas); *see also* Dkt. No. 85-7 (Quit Claim Deed Vol. 309, Pg. 37, Official Records of Starr County, TX); Dkt. No. 85-8 (Quit Claim Deed Vol. 309, Pg. 40, Official Records of Starr County, TX).
[69] Dkt. No. 85-10 (Gift Deed, Vol. 786, Pg. 443, Official Records of Starr County, Texas).
[70] Dkt. No. 85-1 (Warranty Deed Vol. 902, Pg. 524, Official Records of Starr County, TX).

deceased. Accordingly, the Court finds based on the record in this case that Jesse Clarke has a 1.366-acre– or 44.12 percent – interest in Share 1-A, subject to Erika Rodriguez's life estate in the home if she is not yet deceased.

The United States indicates in its amicus brief that "[t]o the extent Jesse Clarke claims, under title or color of title, that he owns all of Share 1-A, he appears to be asserting an adverse possession claim."[71] However, Jesse Clarke was not present at the February 25, 2020 ownership hearing and there is no evidence on the record indicating Jesse Clarke can maintain an adverse possession claim as to all of Share 1-A.

Accordingly, based on the evidence on the record in the case, the Court finds that Jesse Clarke has an interest in 1.366 acres, or 44.12 percent, of Share 1-A, subject to Erika Rodriguez's life estate in the home if she is not yet deceased. This evidence includes the 1999 warranty deed[72] and the aforementioned documents creating Jesse Clarke's chain of title. Thus, Jesse Clarke is entitled to just compensation for this portion of Tract RGV-RGC-2042. The Court now turns to the interest held by Alejo Clarke.

### iii. Alejo Clarke

The Court finds no record of Alejo Clarke appearing on any title documentation relating to Tract RGV-RGC-2042, and the United States concurs.[73] Alejo Clarke has "verbally expressed to the [United States] on numerous occasions that he is the exclusive owner and possessor of [Tract RGV-RGC-2042] and [is] thus exclusively entitled to the just compensation owed. He also claims that he fenced in the parent parcel, [Share 1-A]."[74]

---

[71] Dkt. No. 92 at 7, ¶ 20.
[72] Dkt. No. 85-1 (Warranty Deed Vol. 902, Pg. 524, Official Records of Starr County, TX).
[73] Dkt. No. 82 at 7, ¶ 21.
[74] *Id.*

At the parties' February 25, 2020 ownership hearing, the Court requested Alejo Clarke provide the Court with any evidence of ownership. The following documents were properly admitted into evidence by Alejo Clarke: (1) a 2002 tax receipt showing that his wife, Maribel Clarke, paid the taxes on Share 1-A on behalf of the listed owner, Ernesto Rodriguez *et al*; and (2) the warranty deed already in evidence with the Court evidencing the 1999 conveyance from the Rodriguez family to Jesse Clarke. Alejo Clarke stated under oath that this conveyance was made to Jesse Clarke at Alejo Clarke's own volition, in an attempt to ensure the land was not lost by Alejo Clarke in a divorce proceeding.

At the ownership hearing, Alejo Clarke suggested he lives on the property, fenced in the property himself, is the only member of the family aware of the property's location and boundaries, and is the only person with a key to the property's gate. The Court inquired with Alejo Clarke as to whether he had proof of this information or whether he intended to assert an adverse possession claim. The Court also informed Alejo Clarke that it could not advise him on how to bring an adverse possession claim or act as his counsel. Alejo Clarke indicated that he does not wish to assert such a claim, as he cannot afford counsel.

While the Court is sympathetic to Alejo Clarke's position, there is no evidence on the record to indicate that Alejo Clarke has an ownership interest in Share 1-A. Under Texas law, a party may provide proof of ownership by offering evidence of a regular chain of conveyances.[75] In order to prove a chain of conveyances, or chain of title, a party must provide "'the documents which show the successive ownership history of the land,'" including "'the successive

---

[75] *See Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 905 (5th Cir. 1992) (citing *Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex.1982); *Land v. Turner*, 377 S.W.2d 181, 183 (Tex.1964); *Gillum v. Temple*, 546 S.W.2d 361, 363 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd n.r.e.)). In order to prove ownership, Texas law requires that a party claiming title to real property to make an affirmative showing of superior title in one of three ways: (1) proof of adverse possession; (2) proof that he holds a superior title from a common source; or (3) proof of a regular chain of conveyances out of the sovereign. Here, Alejo Clarke is not attempting to make a claim of adverse possession and is not attempting to show that he received title from the same source as another interested party. Thus, Alejo Clarke must provide "proof of a regular chain of conveyances out of the sovereign."

15

conveyances, commencing with the patent from the government, each being a perfect conveyance of the title down to and including the conveyance to the present holder.'"[76]

Here, Alejo Clarke does not offer any documents showing the successive ownership history of the land after the 1945 division. More importantly, Alejo Clarke does not offer documentation of a conveyance to himself in order to prove that he is the present holder. Accordingly, there is nothing on the record evidencing ownership on the part of Alejo Clarke. Rather, there is contrary evidence on the record to show Jesse Clarke's chain of title as to as least 1.366 acres of Share 1-A.

Moreover, the Court cannot help but recognize that this case has been ongoing since the United States' date of taking on July 1, 2008.[77] Yet, Alejo Clarke contacted the United States only recently in an attempt to assert a claim to Share 1-A. The United States first indicated that Alejo Clarke claimed an interest on October 9, 2019[78] and he was formally added as a party on December 6, 2019.[79] While the United States does have a history of failing to exercise due diligence in locating the interested parties in these matters, the Court finds it highly unlikely that Alejo Clarke would have only received notice of the taking so recently given that he claims to be heavily involved with the tract of land at issue in this case.

Thus, having found no evidence on the record of Alejo Clarke Jr.'s ownership of Share 1-A, the Court finds Alejo Clarke Jr. has no interest in the just compensation for Tract RGV-RGC-2042.

### III.   HOLDING

---

[76] *Hahn v. Love*, 394 S.W.3d 14, 28 (Tex. App. 2012) (citing *Munawar v. Cadle Co.*, 2 S.W.3d 12, 20 (Tex.App.-Corpus Christi 1999, pet. denied) (emphasis omitted)).
[77] Dkt. Nos. 1–3.
[78] Dkt. No. 75 at 3, ¶ 1.
[79] Dkt. No. 84.

In light of the aforementioned, the Court finds the following parties have ownership interests in Tract RGV-RGC-2042.

1. Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston, has a 0.261-acre interest in Share 1-A, or an 8.43 percent interest in Tract RGV-RGC-2042;

2. Jesse Clarke has a 1.366-acre interest in Share 1-A, subject to Erika Rodriguez's life estate in the home if she is not yet deceased. Because there is evidence on the record indicating that Erika Rodriguez's life estate falls outside of Tract RGV-RGC-2042,[80] Jesse Clarke has a 44.12 percent interest in Tract RGV-RGC-2042.

The issue of just compensation has yet to be decided. Thus, the Court **ORDERS** the parties to appear for a just compensation hearing on **Tuesday, May 12, 2020 at 9:00 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of January 2021.

_____
Micaela Alvarez
United States District Judge

---

[80] Dkt. No. 41 at 3, ¶ 8.