United States District Court
Southern District of Texas
**ENTERED**
February 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:08-cv-00066 |
| 10.64 ACRES OF LAND, more or less, in | § | |
| STARR COUNTY, Texas; and Jesse | § | |
| Clarke, et al., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers the "United States of America's Brief on Just Compensation as to Tract RGV-RGC-2042"[1] and the minutes from the just compensation hearing on January 12, 2021.[2] After considering the brief, record, and relevant authorities, the Court holds that **$7,189.00** is just compensation for the taking in this case.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an eminent domain case commenced under the Declaration of Taking Act[3] in 2008 concerning Tracts RGV-RGC 2042, RGV-RGC 2043, RGV-RGC 2044, collectively identified as Tract RGV-RGC 2020 (Tract 2020), which totals 1.40 acres, located in Starr County, Texas.[4] On July 1, 2008, the United States deposited $4,200.00, the estimated just compensation for Tract 2020, into the Court's Registry,[5] immediately vesting title in the United

---

[1] Dkt. No. 107.
[2] Minute Entry (Jan. 12, 2021).
[3] *See* 40 U.S.C. §§ 3111–18.
[4] Dkt. Nos. 1 & 2.
[5] Dkt. No. 5.

States.[6] In October 2012, the Court subsequently consolidated this case with member case, No. 7:08-cv-197.[7] The case was then stalled until 2019, when Tract 2020 was broken up into Tracts RGV-RGC 2042 (Tract 2042), RGV-RGC 2043 (Tract 2043), and RGV-RGC 2044 (Tract 2044).[8] The United States and interested parties subsequently resolved all issues relating to Tracts 2043 and 2044,[9] leaving only Tract 2042 unresolved.

On March 9, 2020, the Court issued an order and opinion determining title and ownership interest as to Tract 2042 and set a just compensation hearing for May 12, 2020.[10] Therein, the Court determined that Defendant Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston, has a 8.43 percent interest in Tract 2042; and Jesse Clarke has a 44.12 percent interest in Tract 2042.[11] The remaining interest owners could not be located.[12] The United States entered into a letter agreement with Janie Lopez in which she agreed to the United States valuation of just compensation for Tract 2042.[13] The only Defendant opposed to the United States' just compensation valuation is Jesse Clarke.[14]

The Court continued the parties' May 12th just compensation hearing sua sponte until June 30, 2020 due to the COVID pandemic.[15] The Court then continued the hearing another four times at the request of the parties to allow Defendant Jesse Clarke to attend the hearing in person.[16] In December, the parties again requested to continue the hearing but agreed to attend

---

[6] *See* 40 U.S.C. § 3114(b)(1).
[7] Dkt. No. 19.
[8] Dkt. No. 26.
[9] Dkt. Nos. 89 & 94.
[10] Dkt. No. 101 & 115.
[11] Dkt. No. 115 (Amended Order and Opinion).
[12] Dkt. No. 115 at 8.
[13] Dkt. No. 107, citing 107-2.
[14] Dkt. Nos. 107, 114.
[15] Dkt. No. 103.
[16] Dkt. Nos. 106, 108, 111, 114.

the rescheduled hearing remotely.[17] The Court subsequently held the January 12, 2021 hearing remotely, as requested by the parties, but Defendant Jesse Clarke did not appear.[18] During the hearing, the United States agreed to rest on its brief and the evidence submitted with its brief and the supplemental evidence submitted in anticipation of the Jan. 12, 2021 hearing.[19] Also during the hearing, the United States and the Attorney General of Texas requested a disbursement hearing set sixty days after just compensation is decided. Defendant Jesse Clarke has not proposed an alternative just compensation valuation or submitted a brief or any other evidence. Thus, the Court now turns to determine the issue of just compensation based on the brief and evidence provided by the United States.[20]

## II. DISCUSSION

### a. Legal Standard

Under the Fifth Amendment to the United States Constitution, private property shall not be taken "for public use, without just compensation."[21] Just compensation is to be just to the landowner and to the public which must pay for the condemnation by eminent domain.[22] "Just compensation . . . means in most cases the fair market value of the property on the date it is appropriated."[23] "[T]he underlying principle is that the dispossessed owner 'is entitled to be put in as good a position pecuniarily as if his property had not been taken. He must be made whole but is not entitled to more.'"[24] "Under this standard [of fair market value], the owner is entitled

---

[17] Dkt. No. 113.
[18] Minute Entry (Jan. 12, 2021).
[19] *Id.*
[20] Dkt. Nos. 107 & 117.
[21] U.S. CONST. amend. V (the Takings Clause).
[22] *Bauman v. Ross*, 167 U.S. 548, 574 (1897) (quoting *Searl v. Sch. Dist. No. 2*, 133 U.S. 553, 562 (1890) (Fuller, C.J.)).
[23] *Kirby Forest Indus. v. United States*, 467 U.S. 1, 10 (1984).
[24] *United States v. 320.0 Acres of Land in Monroe Cnty.*, 605 F.2d 762, 780 (5th Cir. 1979) (quoting *Olson v. United States*, 292 U.S. 246, 255 (1934)).

to receive what a willing buyer would pay in cash to a willing seller at the time of the taking."[25] "[I]n general, comparable sales constitute the best evidence of market value . . . the more comparable a sale is, the more probative it will be of the fair market value of the condemned property."[26] A comparable sale is defined as a sale "from a willing seller to a willing buyer of similar property in the vicinity of the taking at or about the same time as the taking."[27] Evidence of fair market value can come from evidence of comparable sales and from expert testimony as to the value of the subject property.[28]

"In determining the market value, this Court must look not only at the present use of the property, but also at the highest and best use for which the property is adaptable and needed."[29] "Ordinarily, the highest and best use for property sought to be condemned is the use to which it is subjected at the time of the taking. This is true because economic demands normally result in an owner's putting his land to the most advantageous use."[30] When a condemnee[31] attempts to claim that the highest and best use for the property taken is something other than what the property is currently used for, the Fifth Circuit has held that the burden is on the condemnee to produce credible evidence that, at the time of taking, the use claimed was "practicable" and that "there was a reasonable likelihood that [the property] would be so used in the reasonably near

---

[25] *Id.* (internal quotation marks and quotation omitted); *accord United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (quotation omitted) ("The Court has repeatedly held that just compensation normally is to be measured by the market value of the property at the time of the taking contemporaneously paid in money."); 5th Cir. Pattern Civ. Jury Instruction 13.3 (2014) (internal quotation marks omitted) ("Fair market value means the amount a willing buyer would have paid a willing seller in an arms-length transaction, when both sides are fully informed about all the advantages and disadvantages of the property, and neither side is acting under any compulsion to buy or sell.").
[26] *320.0 Acres of Land*, 605 F.2d at 798.
[27] *United States v. 8.41 Acres of Land in Orange Cnty.*, 680 F.2d 388, 395 (5th Cir. 1982) (citing *United States v. Trout*, 386 F.2d 216, 222–23 (5th Cir. 1967)).
[28] *320.0 Acres of Land*, 605 F.2d at 798 & n.64.
[29] *8.41 Acres of Land*, 680 F.2d at 394; *see United States v. Causby*, 328 U.S. 256, 261 (1946) ("It is the owner's loss, not the taker's gain, which is the measure of the value of the property taken.").
[30] *United States v. Buhler*, 305 F.2d 319, 328 (5th Cir. 1962).
[31] *See Condemnee*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("One whose property is expropriated for public use or taken by a public-works project.").

future."[32] Evidence of highest and best use that is not credible, for example an assertion that residential development is the highest and best use when the property in question is next to an airfield and has poor access and stagnant population growth, should be rejected.[33]

When the taking is temporary, "the Just Compensation Clause of the Fifth Amendment requires that the government pay the landowner for the value of the use of the land during this period,"[34] or in other words "determine the figure which would compensate [the condemnee] for the loss it suffered by being deprived of this property for this period of time."[35] Market rental value is generally the appropriate measure of compensation for a temporary taking.[36] However, even if a taking is temporary, it may effect a complete deprivation of profitable use of property.[37]

"Considerations that may not reasonably be held to affect market value are excluded."[38] "In making [a just compensation] estimate there should be taken into account all considerations that fairly might be brought forward and reasonably be given substantial weight in such bargaining," but ostensible events affecting value that are speculative or not shown to be reasonably probable are excluded from the ascertainment of value.[39] The considerations that are excluded from just compensation include special or sentimental value to the condemnee, the change in value of separate tracts that are affected by the taking,[40] appraisal and attorneys' fees,

---

[32] *320.0 Acres of Land*, 605 F.2d at 814; *accord United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d 886, 890 (5th Cir. 1992) ("Potential uses must overcome a presumption in favor of the existing use. A landowner can overcome this presumption only by showing a reasonable probability that the land is adaptable and needed for the potential use in the near future.").

[33] *United States v. 158.24 Acres of Land, More or Less, in Bee Cnty.*, 515 F.2d 230, 233 (5th Cir. 1975).

[34] *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty.*, 482 U.S. 304, 319 (1987).

[35] *United States v. Michoud Indus. Facilities*, 322 F.2d 698, 708 (5th Cir. 1963).

[36] *Kimball Laundry Co. v. United States*, 338 U.S. 1, 7 (1949).

[37] *See id.* at 14 (discussing that the condemnee's investment "remained bound up in the reversion of the property" so the United States "could no more completely have appropriated the [condemnee's] opportunity to profit" than by putting the condemnee completely out of business for a period of time).

[38] *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (quotation omitted).

[39] *Olson v. United States*, 292 U.S. 246, 257 (1934).

[40] *See United States v. 101.88 Acres of Land, More or Less, Situated in St. Mary Par., La.*, 616 F.2d 762, 772 (5th Cir. 1980) (holding that a landowner is entitled only to recover for the actual condemnation and not for any theory of damages to remaining land or damages that will be incurred in the future).

loss of profits, damage to goodwill, and the expense of relocation or other consequential losses.[41]

However, "the opinion testimony of a landowner as to the value of his land is admissible without

further qualification. Such testimony is admitted because of the presumption of special

knowledge that arises out of ownership of the land."[42] Although the Court will not accept

speculative "value to me" testimony from a landowner, so long as the landowner's opinion has a

rational foundation and is not contradicted by the landowner's testimony, it is probative of the

market value of the land.[43] The rule is that if "a proffered potential use is not reasonably

practicable or probable, so that no reasonably minded trier of fact faithfully applying the law

could find that it represents an element of fair market value," the evidence will not be

considered.[44] "The burden of establishing the value of the land sought to be condemned [rests]

with the landowner."[45] If the landowner fails to establish that just compensation is higher than

the United States' estimate, the Court may rely exclusively on the United States' evidence.[46]

**b.  Analysis**

In the instant case, though Jesse Clarke indicated over multiple months that he intended

to challenge the United States' valuation of just compensation and requested four separate

continuances to be able to present evidence regarding compensation to the Court,[47] he did not

---

[41] *Tenn. Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237, 247–48 (3d Cir. 2019) (collecting United States Supreme Court cases); *see United States v. Gen. Motors Corp.*, 323 U.S. 373, 379 (1945) ("The rule in such a case is that compensation for that interest does not include future loss of profits, the expense of moving removable fixtures and personal property from the premises, the loss of good-will which inheres in the location of the land, or other like consequential losses which would ensue the sale of the property to someone other than the sovereign.").

[42] *United States v. 329.73 Acres of Land in Grenada & Yalobusha Cntys.*, 666 F.2d 281, 284 (5th Cir. 1982) (citing *United States v. 3,698.63 Acres of Land*, 416 F.2d 65, 67 (8th Cir. 1966) & *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966)).

[43] *See Sowards*, 370 F.2d at 92; *United States v. 79.20 Acres*, 710 F.2d 1352, 1357 (8th Cir. 1983) (citing *3,698.63 Acres*, 416 F.2d at 66-67).

[44] *320.0 Acres of Land*, 605 F.2d at 818.

[45] *United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d at 890 (5th Cir. 1992) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273–76 (1943)).

[46] *United States v. 8.41 Acres of Land in Orange Cnty.*, 680 F.2d 388, 395 (5th Cir. 1982).

[47] *See* Dkt. Nos. 104, 108, 110, 113.

appear for the January 12, 2021 just compensation hearing.[48] Furthermore, he did not file a brief on the issue or any evidence. He, therefore, failed to meet his burden to establish just compensation is higher than the United States' estimate. As such, the Court may rely exclusively on the evidence presented by the United States.[49]

In its brief, the United States provides a just compensation valuation of $7,189.00 for the fee simple taking of Tract 1042. In support of this estimation, the United States provides the Appraisal Review Report performed by Thurman Schweitzer, Staff Review Appraiser of the U.S. Army Corps of Engineers, which establishes the fair market value of the tract on July 1, 2008, the date of taking, at $7,189.00.[50] Thus, the Court finds the United States offered sufficient evidence to establish just compensation for the fee simple taking on Tract RGV-RGC 2042 at **$7,189.00**.

### III. HOLDING AND CONCLUSION

In light of the foregoing, the Court finds **$7,189.00** to be just compensation for the fee simple taking of Tract RGV-RGC 2042. Further, in light of the parties' request at the January 12th hearing,[51] the Court **ORDERS** the parties to appear for disbursement hearing on **Friday, May 14, 2021 at 9 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 25th day of February 2021.

_____
Micaela Alvarez
United States District Judge

---

[48] Minute Entry (Jan. 12, 2021).
[49] *8.41 Acres, supra* note 46.
[50] Dkt. No. 107-3.
[51] Minute Entry (Jan. 12, 2021).