**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO.   7:08-CV-066 |
| | § | |
| 10.64 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATED IN STARR COUNTY, TEXAS; | § | |
| AND UNKNOWN OWNERS, ET AL., | § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO.   7:08-CV-197 |
| | § | |
| 1.40 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATED IN STARR COUNTY, TEXAS; | § | |
| AND UNKNOWN OWNERS, ET AL., | § | |

**UNITED STATES' MOTION TO CLOSE CASE PURSUANT TO 28 U.S.C. § 2042**

1.  The United States of America ("United States") moves the Court to close this case pursuant to 28 U.S.C. § 2042.

**Summary**

2.  The United States seeks to have all remaining just compensation ($3,411.18 plus accrued interest) in the Court's registry be paid immediately to the United States Treasury without prejudice to any proper claimant of such sum in accordance with 28 U.S.C. § 2042, and that this case be closed on the Court's docket.

**Background**

3.  This consolidated condemnation case involves land in Starr County, Texas that the United States acquired in 2008 for the border fence/infrastructure project.

4.	On February 8, 2008, proceeding Civil No. 7:08-cv-066 commenced with the filing of a Complaint and Declaration of Taking in the name of the United States of America for the acquisition of Tract RGV-RGC-2020, a (now-expired) 180-day temporary right of entry easement, situate in Starr County, Texas. (Dkt. Nos. 1 & 2, in Civil No. 7:08-cv-066.)

5.	On June 28, 2008, proceeding Civil No. 7:08-cv-197 commenced with the filing of a Complaint and Declaration of Taking in the name of the United States for the acquisition of Tract RGV-RGC-2020 (fee simple, excluding minerals) now known as Tracts RGV-RGC-2042, RGV-RGC-2043, and RGV-RGC-2044, situate in Starr County, Texas. (Dkt. Nos. 1 & 2, in Civil No. 7:08-cv-197.)

6.	On October 31, 2012, the Court ordered Civil Nos. 7:08-cv-066 and 7:08-cv-197 to be consolidated under lead case Civil No. 7:08-cv-066. (Dkt. 19.)[1]

7.	On January 18, 2019, the United States filed its Amendment to Consolidated Complaint in Condemnation ("Consolidated Amended Complaint") (Dkt. 26) and Amendment to Consolidated Declaration of Taking ("Consolidated ADT") to (a) clarify the authority for the appropriation of funds; (b) clarify the description of acquired Tracts RGV-RGC-2042, RGV-RGC-2043, and RGV-RGC-2044, and accompanying plats based on final surveys; (c) clarify the estate taken for Tracts RGV-RGC-2042, RGV-RGC-2043, and RGV-RGC-2044 in order to assure landowners that water distribution and drainage systems were not being acquired; (d) revise the just compensation estimate for Tracts RGV-RGC-2042, RGV-RGC-2043, and RGV-RGC-2044; and (e) add as defendants all interested parties identified based on title examination results. (Dkt. 27 at 2-3.)

---

[1]	All filings after October 31, 2012 refer to Consolidated Civil No. 7:08-cv-066.

8. On January 3, 2020, the Court issued an Order resolving all issues in connection with the two other tracts at issue in this case: Tracts RGV-RGC-2043 and RGV-RGC-2044. (Dkt. 94 at 11–12.)

9. On March 9, 2020, after notice and a hearing, the Court issued an Order and Opinion as to the remaining Tract RGV-RGC-2042, finding that the following parties had ownership interests on the date of taking:

- Jesse Clarke:[2]                                                                44.12 percent interest
- Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston:     8.43 percent interest
- Original owners: Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, Azucena Rodriguez Brown:     47.45 percent interest

(Dkt. 101) (amended order in Dkt. 115 at 17.)

10. On February 25, 2021, after notice and a hearing, the Court issued an Opinion and Order finding that **$7,189.00** was the just compensation owed for the United States' fee simple taking of Tract RGV-RGC-2042. (Dkt. 119 at 7.)

11. On May 11, 2021, the Parties filed their Joint Stipulation and Motion for Entry of Order Disbursing Funds on Deposit in the Court's Registry for Tract RGV-RGC-2042. (Dkt. 121.) This motion, if granted by the Court, resolves all issues as to Tract RGV-RGC-2042 regarding the interests of Jesse Clarke and Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston.

---

[2] The Court's order also indicated that Jesse Clark's interest was subject to Erika Rodriguez's life estate interest, although there was evidence indicating that this life estate interest fell outside of Tract RGV-RGC-2042. (Dkt. 115 at 17.) In any case, to clarify for the record, Erika Rodriguez a/k/a Erika E. Rodriguez died on May 27, 2001 in Edinburg, Hidalgo County, Texas. (Ex 1; Ex. 2.)

12. The amount of **$3,411.18** remains in the Court's registry for Tract RGV-RGC-2042, based on the 47.45 percent interest which appears to still reside with four original owners from the 1945 partition of Share 1A (*i.e.*, the larger parcel of Tract RGV-RGC-2042)—to wit: (1) Aurora Lopez, (2) Evangelina Rodriguez de Gonzalez, (3) Manuela Rodriguez de Palmer, and (4) Azucena Rodriguez Brown. (Dkt. 115 at 10.) The United States served these four individuals by publication because they could not be personally served, and after diligent inquiry within the State of Texas, their place of residence is unknown. (*Id.* at 9.)

### Relief Requested

13. The United States respectfully requests to have all remaining just compensation ($3,411.18 plus accrued interest) in the Court's registry be paid immediately to the United States Treasury, without prejudice to any proper claimant of such sum—namely, a claimant by or through Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown—in accordance with 28 U.S.C. § 2042, and that this case be closed on the Court's docket.

14. The United States moved to dismiss Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown on June 4, 2019, on the grounds that "their whereabouts are unknown, and no deeds and records could be found describing what happened to their interests in the Subject Property." (Dkt. No. 48 at 4.) These individuals were served "by publication because [they] could not be personally served, and after diligent inquiry within the State of Texas, their place of residence is still unknown. (Dkt. 48 at 4; Dkt. 115 at 9.) No individual has come forward asserting a claim by or through these four individuals since this case was filed and the United States acquired Tract RGV-RGC-2042 in 2008, or since service by publication was accomplished in this case in March 2019. On June 5, 2019, the Court granted

the United States' motion to dismiss Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown. (Dkt. 49.)

15. Therefore, the United States asserts that it is in the interests of justice for this case to be closed on the Court's docket pursuant to 28 U.S.C. § 2042, which provides:

> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

16. Pursuant to 28 U.S.C. § 2042, the United States respectfully asks that all remaining just compensation (**$3,411.18 plus accrued interest**) in the Court's registry be paid immediately to the United States Treasury, without prejudice to any proper claimant of such sum—*i.e.*, a claimant by or through Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown—in accordance with 28 U.S.C. § 2042, and that this case be closed on the Court's docket.

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney

By: *s/ Christopher D. Pineda*
CHRISTOPHER D. PINEDA
Assistant United States Attorney
S.D. Tex. No. 1055715
Texas Bar No.   24070420
600 E. Harrison, Suite 201
Brownsville, Texas  78520
(956) 548-2554/Fax: (956) 548-2775
Email: Christopher.Pineda@usdoj.gov
**Attorney in Charge for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent on May 11, 2021 to counsel of record via the court enabled electronic filing system.

*s/ Christopher D. Pineda*
CHRISTOPHER D. PINEDA
Assistant United States Attorney