UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:08-cv-00066 | |
| 10.64 ACRES OF LAND in STARR § | |
| COUNTY, TEXAS; et al., § | |
| § | |
| Defendants. § | |
| § | |

## **OPINION AND ORDER**

The Court now considers the motion for disbursement filed by the Texas Attorney General-Child Support Division,[1] the parties' joint motion for entry of order disbursing funds,[2] and the United States' advisory.[3]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an eminent domain case commenced under the Declaration of Taking Act[4] in 2008 concerning Tracts RGV-RGC 2042, RGV-RGC 2043, RGV-RGC 2044, collectively identified as Tract RGV-RGC 2020 (Tract 2020), which totals 1.40 acres, located in Starr County, Texas.[5] On July 1, 2008, the United States deposited $4,200.00, the estimated just compensation for Tract 2020, into the Court's Registry,[6] immediately vesting title in the United States.[7] In October 2012, the Court consolidated this case with member case, No. 7:08-cv-197.[8]

---

[1] Dkt. No. 120.
[2] Dkt. No. 121.
[3] Dkt. No. 122.
[4] *See* 40 U.S.C. §§ 3111–18.
[5] Dkt. Nos. 1 & 2.
[6] Dkt. No. 5.
[7] *See* 40 U.S.C. § 3114(b)(1).

The case was then stalled until 2019, when Tract 2020 was broken up into Tracts RGV-RGC 2042 (Tract 2042), RGV-RGC 2043 (Tract 2043), and RGV-RGC 2044 (Tract 2044).[9] The United States and interested parties subsequently resolved all issues relating to Tracts 2043 and 2044,[10] leaving only Tract 2042 unresolved.

On March 9, 2020, the Court issued an order and opinion determining title and ownership interest as to Tract 2042 and set a just compensation hearing for May 12, 2020.[11] Therein, the Court determined that Defendant Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston, has a 8.43 percent interest in Tract 2042; and Jesse Clarke has a 44.12 percent interest in Tract 2042.[12] The remaining interest owners could not be located.[13] The United States entered into a letter agreement with Janie Lopez in which she agreed to the United States valuation of just compensation for Tract 2042.[14] The only Defendant opposed to the United States' just compensation valuation is Jesse Clarke.[15]

The Court continued the parties' May 12th just compensation hearing sua sponte until June 30, 2020 due to the COVID pandemic.[16] The Court then continued the hearing another four times at the request of the parties to allow Defendant Jesse Clarke to attend the hearing in person.[17] In December, the parties again requested to continue the hearing but agreed to attend the rescheduled hearing remotely.[18] The Court subsequently held the January 12, 2021 hearing

---

[8] Dkt. No. 19.
[9] Dkt. No. 26.
[10] Dkt. Nos. 89 & 94.
[11] Dkt. No. 101 & 115.
[12] Dkt. No. 115 (Amended Order and Opinion).
[13] Dkt. No. 115 at 8.
[14] Dkt. No. 107, citing 107-2.
[15] Dkt. Nos. 107, 114.
[16] Dkt. No. 103.
[17] Dkt. Nos. 106, 108, 111, 114.
[18] Dkt. No. 113.

remotely, as requested by the parties, but Defendant Jesse Clarke did not appear.[19] During the hearing, the United States and the Attorney General of Texas requested a disbursement hearing set sixty days after just compensation is decided. Defendant Jesse Clarke did not propose an alternative just compensation valuation or submit a brief in response to the United States. Thus, the Court decided the issue of just compensation on the United States' brief and set a disbursement hearing for May 14, 2021.[20]

After the Court's decision on just compensation, the Attorney General of Texas filed the current motion for disbursement of the proceeds.[21] The parties, excluding Defendant Jesse Clarke and those Defendants that have not appeared in this case, filed a joint motion for entry of order disbursing funds.[22] The United States then submitted an advisory regarding the lack of participation of Defendant Jesse Clarke since the parties' just compensation hearing.[23] The Court now turns to consider these various filings.

## II. MOTION FOR DISBURSEMENT

The Attorney General of Texas-Child Support Division filed a motion for disbursement of just compensation proceeds on March 12, 2021. Defendant Jesse Clarke has not filed a response and the time for doing so has passed, rendering the motion unopposed by operation of this Court's Local Rule.[24] In its motion, the Attorney General seeks the disbursement of the just compensation for Defendant Jesse Clarke's interest in the Subject Property to be paid towards Defendant Clarke's unpaid child support lien.[25]

### a. Legal Standard

---

[19] Minute Entry (Jan. 12, 2021).
[20] Dkt. No. 119.
[21] Dkt. No. 120.
[22] Dkt. No. 121.
[23] Dkt. No. 122.
[24] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[25] Dkt. No. 120 at 2, ¶ 11.

The Texas Family Code authorizes the Attorney General to enforce child support orders and to collect and distribute support payments.[26] A child support lien "arises by operation of law against real and personal property of an obligor for all amounts due and owing, including any accrued interest, regardless of whether the amounts have been adjudicated or otherwise determined, subject to the requirements . . . for perfection of the lien."[27] Such a lien attaches to "all property owned or acquired on or after the date the lien notice or abstract of judgment is filed with the county clerk of the county in which the property is located, with the court clerk as to property or claims in litigation, or, as to property of the obligor in the possession or control of a third party, from the date the lien notice is delivered to that party" and to all non-homestead real property of the obligor.[28]

**b. Analysis**

The Attorney General-Child Support Division filed a notice of lien with the Starr County Clerk on July 30, 2002 resulting from a child support order entered on May 24, 2002 by the 229th Judicial District Court, Starr County, Texas.[29] The original amount owed was $1,425.00.[30] The Attorney General subsequently filed a notice of lien with the Clerk of this Court on June 7, 2019, showing $25,529.80 of unpaid child support due on the original order.[31] The Attorney General also provides payment records demonstrating a subsequent decrease of the amount due

---

[26] *Office of the Attorney Gen. of Tex. v. Scholer,* 403 S.W.3d 859, 862 (Tex.2013) (citing Tex. Fam.Code §§ 231.001, 231.101(a)(5)–(6)); *see also* Tex. Fam. Code § 157.311(2)(B); *see* 42 U.S.C. § 654.
[27] Tex. Fam. Code § 157.312(d); 42 U.S.C. § 666(a)(4); *see* Tex. Fam. Code § 157.316(a) (". . . a child support lien is perfected when an abstract of judgment for past due child support or a child support lien notice is filed or delivered as provided by Section 157.314."); Tex. Fam. Code § 157.314(b) ("A child support lien notice may be filed with or delivered to the following, as appropriate: (1) the clerk of the court in which a claim, counterclaim, or suit by, or on behalf of, the obligor, including a claim or potential right to proceeds from an estate as an heir, beneficiary, or creditor, is pending, provided that a copy of the lien is mailed to the attorney of record for the obligor, if any . . .").
[28] Tex. Fam. Code § 157.317(a-1) & (b).
[29] Dkt. No. 120-1.
[30] *Id.*
[31] Dkt. Nos. 120-2 & 58.

to $23,428.51 in March 2021.[32] The lien notice was served on Defendant Jesse Clarke on July 2, 2019.[33] Defendant Jesse Clarke has not disputed the lien or the amount due, or filed anything in response to the Attorney General's motion. Upon review of the record and relevant authorities, the Court finds the lien valid and enforceable against the proceeds to be paid to Defendant Jesse Clarke for his interest in the Subject Property. Accordingly, the Court **ORDERS** all proceeds up to the full amount of the arrears owing at this time, to which Defendant Jesse Clarke would be entitled to as just compensation for his interest in the Subject Property, be paid directly to the Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265, referencing case # 0009784638.

### III. MOTION FOR ENTRY OF ORDER

The Court next turns to the joint motion for entry of order[34] submitted by all parties excluding Defendant Jesse Clarke and Defendants that have not been located or appeared in this case. On May 11, 2021, the United States joined by Defendant Janie Lopez, Independent Executor of the Will and Estate of Lilia L. Johnston and Martin Johnston and the Attorney General of Texas-Child Support Division filed the instant "Joint Stipulation and Motion for Entry of Order Disbursing Funds on Deposit in the Court's Registry for Tract RGV-RGC-2042."[35]

Defendant Jesse Clarke did not sign the joint stipulation and motion despite multiple attempts by the United States to contact him.[36] However, because the Court determined above that the Attorney General is entitled to all proceeds to which Defendant Jesse Clarke would be entitled, Defendant Jesse Clarke's non-participation in the joint stipulation and motion to

---

[32] Dkt. No. 120-3.
[33] Dkt. No. 58 at 4.
[34] Dkt. No. 121.
[35] *Id.*
[36] Dkt. No. 122 at 1.

disburse funds is not necessary. The Court also notes that the holders of 47.45 percent interest in the Subject Property also did not sign. However, the Court dismissed these owners after they failed to come forward to claim their interest after service by publication and because Defendants Jesse Clarke and Janie Lopez claimed exclusive ownership over the Subject Property[37]—though the latter was determined incorrect by a subsequent order.[38] Furthermore, the stipulation and motion only seeks to disburse just compensation for the interest held by Defendant Janie Lopez, and Defendant Jesse Clarke—whose portion of just compensation is to be paid to the Attorney General of Texas.[39] Thus, the Court finds the signatures of Defendant Janie Lopez and Stratos Apostolou, Assistant Attorney General-Child Support Division, sufficient to grant the parties' motion on the basis of their stipulation.

Accordingly, the Court **GRANTS** the parties' motion.[40] An order in accordance with the parties' stipulations will follow.

## IV. HOLDING AND CONCLUSION

In light of the foregoing, the Court **GRANTS** the motion of the Attorney General[41] and **ORDERS** all proceeds up to the full amount of the arrears owing at this time, to which Defendant Jesse Clarke would be entitled to as just compensation for his interest in the Subject Property, be paid directly to the Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265, referencing case # 0009784638.

---

[37] Dkt. No. 49.
[38] Dkt. Nos. 101 & 115.
[39] Dkt. No. 121-1 at 6 (the just compensation for the 47.45 percent interest held by the part
[40] Dkt. No. 121.
[41] Dkt. No. 120.

The Court also **GRANTS** the parties' joint motion for entry of an order disbursing funds.[42] An order in accordance with the parties' stipulations will follow. Furthermore, in light of the Court's ruling, the Court **CANCELS** the parties' May 14, 2021 disbursement hearing.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of May 2021.

                                                              _____
                                                                   Micaela Alvarez
                                                            United States District Judge

---

[42] Dkt. No. 121.