United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § CIVIL ACTION NO. 7:08-cv-00066 10.64 ACRES OF LAND, more or less, in § STARR COUNTY, Texas; et al., § § Defendants. § § | |

## OPINION AND ORDER

The Court now considers the "United States' Motion to Close Case Pursuant to 28 U.S.C. § 2042."[1] Defendants have not filed a response and the time for doing so has passed, rendering the United States' motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **DENIES** in part and **GRANTS** in part the United States' motion.[3]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an eminent domain case commenced under the Declaration of Taking Act[4] in 2008 concerning Tracts RGV-RGC 2042, RGV-RGC 2043, RGV-RGC 2044, collectively identified as Tract RGV-RGC 2020 (Tract 2020), which totals 1.40 acres, located in Starr County, Texas.[5] On July 1, 2008, the United States deposited $4,200.00, the estimated just

---

[1] Dkt. No. 123.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 123.
[4] *See* 40 U.S.C. §§ 3111–18.
[5] Dkt. Nos. 1 & 2.

compensation for Tract 2020, into the Court's Registry,[6] immediately vesting title in the United States.[7] In October 2012, the Court consolidated this case with member case, No. 7:08-cv-197.[8] The case was then stalled until 2019, when Tract 2020 was broken up into Tracts RGV-RGC 2042 (Tract 2042), RGV-RGC 2043 (Tract 2043), and RGV-RGC 2044 (Tract 2044).[9] The United States and interested parties subsequently resolved all issues relating to Tracts 2043 and 2044,[10] leaving only Tract 2042 unresolved. On May 14, 2021, the Court issued an order disbursing funds to the owners of 52.55 percent of Tract 2042 leaving the just compensation for the owners of the remaining 47.45 percent Tract 2042 in the Court's registry.[11] The United States identified four owners of the 47.45 percent interest as Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown.[12] Because the United States was unable to locate any of these four Defendants, they were served by publication on March 1, 2019.[13] As no individual has come forward asserting a claim by or through these four individuals since this case was filed and the United States acquired Tract RGV-RGC-2042 in 2008, or since service by publication was accomplished in this case in March 2019, the United States moved to dismiss Aurora Lopez, Evangelina Rodriguez de Gonzalez, Manuela Rodriguez de Palmer, and Azucena Rodriguez Brown.[14] The Court granted the motion and dismissed the parties on June 5, 2019.[15] Because none of these individuals or any other claimants of the 47.45

---

[6] Dkt. No. 5.
[7] *See* 40 U.S.C. § 3114(b)(1).
[8] Dkt. No. 19.
[9] Dkt. No. 26.
[10] Dkt. Nos. 89 & 94.
[11] Dkt. No. 125.
[12] Dkt. No. 123.
[13] Dkt. No. 33-2.
[14] Dkt. No. 48.
[15] Dkt. No. 49.

interest in the Subject Property have come forward to date, the $3,411.18 plus accrued interest in just compensation for this portion of Tract 2042 remains in the Court's registry.[16]

The United States now seeks to have all remaining just compensation in the Court's registry—the $3,411.18 plus accrued interest—paid back to the United States Treasury, without prejudice to any proper claimant of such sum in accordance with 28 U.S.C. § 2042.[17]

## II. ANALYSIS

The only support the United States motion cites is the text of 28 U.S.C. § 2042,[18] which states:

> [i]n every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited *for at least five years* unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.[19]

The United States provides no further authorities or argument as to why the statute entitles them to receive the remaining just compensation in the Court's registry.[20] The last deposit made by the United States in this case was made on June 23, 2020,[21] after the Court disbursed just compensation for Tracts 2044 and 2043.[22] Title and just compensation for Tract 2042, which is the property related to the just compensation deposit in question, were not resolved until March 20, 2020[23] and February 25, 2021,[24] respectively. Thus, the right to withdraw the relevant funds deposited in the Court's registry was not adjudicated until February 25, 2021.

---

[16] Dkt. No. 125.
[17] Dkt. No. 123 at 4, ¶ 13.
[18] Dkt. No. 123 at 5, ¶ 15.
[19] 28 U.S.C. § 2042 (emphasis added).
[20] *See* Dkt. No. 123.
[21] Dkt. No. 105 (Receipt for Deposit in the amount of $4.989.00).
[22] Dkt. No. 94.
[23] Dkt. No. 101 & 115.
[24] Dkt. No. 119.

"Read[ing] all parts of the statute together to produce a harmonious whole"[25] under the statutory canon of noscitur a sociis, it is clear that the statute requires that the money deposited to remain in the registry from the time the right to withdraw the money has been adjudicated or any dispute over who has the right to withdraw the money is terminated.[26] Here, the right to the deposit in question was not adjudicated until the title to the property and the amount of just compensation were determined. Though the parties holding the 47.45 percent interest in the property and corresponding interest in the just compensation for the property were dismissed in June 2019, their share in the property and just compensation was still in dispute until just compensation was adjudicated on February 25, 2021.[27] Because the money deposited has not remained unclaimed in the Registry of the Court at least five years from the date the right to withdraw the money was adjudicated, the clause directing payment back the United States Treasury does not yet apply.[28] Accordingly, the Court **DENIES** the United States' request that all remaining just compensation in the Court's registry be paid immediately to the United States' treasury.[29] Furthermore, the United States provides no legal basis for its request to close the case. Nonetheless, in light of the resolution of all remaining issues in this case, the Court **GRANTS** the United States request to close this case.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **DENIES** the United States' motion in part and **GRANTS** the motion in part.[30] The remainder on deposit in the registry, $3,411.18 plus accrued interest, shall remain on deposit in the registry of the Court accruing interest as provided in 40

---

[25] *Doe v. KPMG, LLP*, 398 F.3d 686, 688 (5th Cir. 2005); *Yates v. United States*, 574 U.S. 528, 543 (2015) (under the principle of noscitur a sociis, "a word is known by the company it keeps.")
[26] *See* 28 U.S.C. § 2042.
[27] Dkt. No. 119.
[28] *See* 28 U.S.C. § 2042.
[29] Dkt. No. 123 at 5.
[30] Dkt. No. 123.

U.S.C. § 3116, but shall be paid into the Treasury of the United States without further order of the Court on February 25, 2026,[31] unless another order of the Court distributes such sum. Any person or entity claiming entitlement to such funds shall first move the Court for an order of disbursement before such funds may be distributed.

This case is terminated, and the Clerk of the Court is instructed to close the case. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 26th day of July 2021.

_____
Micaela Alvarez
United States District Judge

---

[31] *See* 28 U.S.C. § 2042.